## THE AMERICAN OIL COMPANY *v.*
## MISSISSIPPI STATE HIGHWAY COMMISSION

No. 42439          November 12, 1962          146 So. 2d 355

*Wells, Thomas & Wells, Roland D. Marble,* Jackson, for appellant.

*Martin R. McLendon,* Asst. Atty. Gen., *Satterfield, Shell, Williams & Buford, K. Hayes Callicutt,* Jackson, for appellee.

McGehee, C. J.

The appellant, American Oil Company, filed its suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against the appellee, Mississippi State Highway Commission, for damages in the amount of $32,275 which the appellant alleges arose out of the denial by the Commission of the desire of the appellant to construct entrances across the ''flare'' or ''sight distance'' hereinafter referred to as sight flare which lies in the northeast corner of the intersection of Northside Drive and U. S. Highway 51 North within the corporate limits of the City of Jackson, Mississippi.

There were several preliminary motions and orders, not pertinent to the issues now before the Court on appeal. The American Oil Company filed a motion to strike the answer of the Mississippi State Highway Commission and then the Commission filed a motion to strike the declaration of the appellant, and this raised certain questions of law and facts. The Commission introduced certain testimony before the trial judge upon its motion to strike and this testimony is undisputed. After such proof the circuit court entered a written ruling and order dismissing the suit of the appellant, American Oil Company, with prejudice. After a motion of the American Oil Company for a new trial was overruled by the court, this appeal was prosecuted.

The appellee, Mississippi State Highway Commission, contends that the right to prohibit the appellant from constructing entrances to its service station across the

sight flare was a proper exercise of the police powers of the state.

■■ ■ We have concluded that the case of Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So. 2d 839, is controlling in the instant case and settles all of the principles necessary to be decided on this appeal.

While this block of land was in the possession of W. P. Bridges, the predecessor in title of the appellee, he had access directly into Northside Drive, an integral part of the intersection and he had access to the service or frontage road to the north.

In the case of Mississippi State Highway Commission v. Finch, 237 Miss. 314, 114 So. 2d 673, the landowner had access to a conventional, existing highway which was converted into a "controlled-access facility", whereas in the instant case, the highway was one of entirely new construction.

From the foregoing, it follows that we are of the opinion that the judgment of the circuit court herein appealed from should be affirmed.

Affirmed.

*Ethridge, McElroy, Rodgers and Jones, JJ.,* concur.